## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## Jacksonville Division

**JOSHUA KELLY**

**and**

**SIDNEY FLUELLEN**

       **Plaintiffs,**

**v.**                             **CASE NO.:**

**OASIS MARINA LLC**

       **Defendant.**

_____/

### COMPLAINT AND DEMAND FOR JURY TRIAL

**COME NOW**, Plaintiffs Joshua Kelly and Sidney Fluellen, by and through the undersigned counsel, and by way of this Complaint against Defendant Oasis Marina LLC ("Defendant") allege as follows:

### PARTIES, JURISDICTION, AND VENUE

1.    Plaintiff Joshua Kelly is an adult male residing in Duval County, Florida.

2.    Plaintiff Kelly's race is African-American.

3.    Plaintiff Sidney Fluellen is an adult male residing in Putnam County, Florida.

4.    Plaintiff Fluellen's race is African-American.

5.      Defendant is a for-profit limited liability company, with its headquarters and principal place of business in Annapolis, Maryland.  Defendant further does business throughout the State of Florida, including St. Johns County, Florida.

6.      Defendant is a covered employer within 42 U.S.C. § 1981 ("Section 1981") at all times relevant to this Complaint.

7.      This Court has jurisdiction over Plaintiffs' Section 1981 claims pursuant to 28 U.S.C. §§ 1331 and 1343.

8.      This Court has the power to exercise supplemental jurisdiction over Plaintiffs' state law claims pursuant to 29 U.S.C. § 1367.

9.      The allegations in this Complaint primarily involve acts and occurrences during Plaintiffs' employment with Defendant in St. Augustine, Florida.  Accordingly, venue is proper within the United States District Court for the Middle District of Florida, Jacksonville Division pursuant to 28 U.S.C. § 1391(b).

**<u>FACTS GIVING RISE TO RELIEF</u>**

10.     Plaintiffs were the only African-American employees at Defendant's St. Augustine Marine Center location during the period of June 18, 2023 through August 10, 2023.

11.     Plaintiff Kelly began his employment with Defendant at its St. Augustine Marine Center in St. Augustine, Florida on or about June 18, 2023, as a

Dredge Associate.

12.    At all times relevant herein, Plaintiff Kelly performed his duties for Defendant in a competent and satisfactory manner.

13.    At all times relevant herein, Lori Meehan ("Ms. Meehan") was Defendant's General Manager/Yard Superintendent for Defendant's St. Augustine Marine Center and had supervisory authority over Plaintiff Kelly and Plaintiff Fluellen.

14.    It is believed that Ms. Meehan began her employment with Defendant in early June 2023.

15.    At all times relevant herein, Ms. Meehan acted as an employee and agent for Defendant.

16.    Ms. Meehan's race is Caucasian.

17.    Soon after Plaintiff Kelly began working for Defendant, he began to be subjected to demeaning tasks and assignments by Ms. Meehan that were not consistent with his position as a Dredge Associate.  For example, Ms. Meehan ordered Plaintiff Kelly to perform various menial labor tasks such as hauling boats, launching boats, ripping out marina dock boards, and other tasks outside of the role and position of Dredge Associate.

18.    Other non-African-American employees were not ordered by Ms. Meehan to perform similar tasks that were outside of their normal job duties and positions.

19.    In or around late July 2023, Ms. Meehan assigned Plaintiff Kelly to perform work outside of his duties as a Dredge Associate at Defendant's Fort George Island Marina where Ms. Meehan's husband, Robert Meehan ("Mr. Meehan") also worked.

20.    Mr. Meehan's race is Caucasian.

21.    While working at Defendant's Fort George Island Marina, Plaintiff Kelly witnessed Mr. Meehan commit a serious safety violation where he was transporting a large boat with a forklift from the dry dock to the water with a customer sitting on board the boat as it was being carried with the forklift.  Mr. Kelly videotaped this incident.

22.    Several days later, Plaintiff Kelly complained to Ms. Meehan about Mr. Meehan's forklift safety violation and showed Ms. Meehan the video footage as well.  Ms. Meehan dismissed Plaintiff's Kelly's complaint and refused to discuss the matter further with Plaintiff Kelly.

23.    Soon after Plaintiff Kelly's complaint about Mr. Meehan, Ms. Meehan began to target Plaintiff Kelly with unwarranted criticisms about his performance and conduct.

24.    Specifically, Ms. Meehan alleged that Plaintiff Kelly had unexcused absences from work, even though Ms. Meehan had already notified Plaintiff Kelly that either he had been excused from work or that his explanation for the absences was accepted.

25.     Moreover, other employees Ms. Meehan supervised who had not also lodged complaints of safety violations, were not similarly scrutinized regarding their absences from work.

26.     Other non-African-American employees supervised by Ms. Meehan were also not similarly scrutinized regarding their absences from work.

27.     On or about August 10, 2023, Plaintiff Kelly arrived at work for his regularly scheduled shift.  Upon Plaintiff Kelly's arrival at work, Ms. Meehan began questioning Plaintiff Kelly regarding absences that had already been excused.

28.     Within minutes of this conversation, and without warning, a St. Augustine police officer arrived at the St. Augustine Marine Center.  Ms. Meehan further requested the officer to arrest Plaintiff Kelly for trespassing, which the officer obliged based upon Ms. Meehan's intentionally false misrepresentation that she had ordered Plaintiff Kelly to leave the premises and that he was not invited or authorized to enter or remain on the premises.

29.     Not only had Plaintiff Kelly not been ordered to leave Defendant's premises, but Plaintiff Kelly as a current employee of Defendant, had indeed been invited and authorized to enter and remain on Defendant's premises.

30.     As a result of Ms. Meehan's false misrepresentations to the St. Augustine Police Department officer, as well as, Defendant's request to the officer that Plaintiff Kelly be arrested for trespass, Plaintiff Kelly was arrested,

handcuffed, and jailed for criminal trespass.

31.    The arrest and imprisonment was severely distressing for Plaintiff Kelly.

32.    An initial charge and prosecution against Plaintiff Kelly for criminal trespass commenced in the Seventh Judicial Circuit, St. Johns County, Florida.

33.    The criminal trespassing charge was later dismissed by the State Attorney's Office, and Plaintiff Kelly was not further prosecuted for the trespass incident.

34.    It is not believed that any non-African-American employees of Defendant had similarly been subjected to a police officer arresting them for criminal trespass to property.

35.    After his arrest, Plaintiff Kelly was notified via email on August 10, 2023, that his employment with Defendant was terminated.

36.    Just days prior to Plaintiff Kelly's termination, Plaintiff Fluellen's employment with Defendant was similarly terminated without a legitimate non-discriminatory and non-retaliatory basis.

37.    Plaintiff Fluellen had been working at Defendant's St. Augustine Marine Center location as a maintenance technician for approximately 1.5 years prior to his termination.

38.    At all times relevant herein, Plaintiff Fluellen performed his duties for Defendant in a competent and satisfactory manner.

39.    In the weeks leading up to Plaintiff Fluellen's termination, he was subjected to condescending and less favorable treatment on account of his race.

40.    For example, Ms. Meehan repeatedly ordered Plaintiff Fluellen to wear a company uniform shirt even though other non-African-American employees were allowed to wear their own personal clothes.

41.    Plaintiff Fluellen was also subjected to racially offensive acts where for example, white supervisors would lock the doors to the tool shop to prevent Plaintiff Fluellen from gaining access.  As a result, Plaintiff Fluellen started bringing his own tools to work as he was otherwise restricted from performing his job without full access to tools.

42.    Defendant's non-African-American employees were not similarly denied access to the tool shop or prevented from being able to use Defendant's tools to perform their jobs.

43.    On or about August 4, 2023, Plaintiff Fluellen notified his immediate supervisor, Andrew Crawford that hazardous materials resulting from a recent oil spill at the marina were not being properly cleaned and removed from the marina property.

44.    Specifically, Plaintiff Flullen informed Mr. Crawford that the manner in which he had been told to clean the oil spill was not proper, and asked if the oil spill had been reported to the appropriate government agencies.  Mr. Crawford angrily and condescendingly responded to Plaintiff Fluellen to focus on his job,

and that he was not doing his job.

45.    The oil spill had not been reported to any government agencies, and the contaminated area of the property had not been properly cleaned and removed of hazardous materials.

46.    Plaintiff Fluellen informed Mr. Crawford that he felt both Ms. Meehan and Mr. Crawford were subjecting him to harassment because of the color of his skin, and suggested to Mr. Crawford that he would file a complaint with the EEOC (Equal Employment Opportunity Commission).

47.    Mr. Crawford's race is Caucasian.

48.    Mr. Crawford then became irate and yelled at Plaintiff Fluellen stating Plaintiff Fluellen was threatening the company based upon his potential complaint to the EEOC.

49.    On or about August 7, 2023, Plaintiff Fluellen reported the incident with Mr. Crawford to Ms. Meehan and another manager.  Plaintiff Fluellen reiterated his objections to the improper disposal of hazardous materials, as well as, his potential complaint to the EEOC for racial harassment and his belief that he was being racially discriminated against.  Plaintiff Fluellen also informed Ms. Meehan that other employees were using illegal drugs and drinking alcohol while on the job.

50.    Immediately after Plaintiff Fluellen lodged his complaints with Ms. Meehan, Ms. Meehan told Plaintiff Fluellen to go home, and did not provide any

indication as to when or if he would be able to return to work.

51.    On or about August 8, 2023, Plaintiff Fluellen received an email that his employment with Defendant had been terminated, effective August 4, 2023.

52.    Defendant provided no reason or justification for Plaintiff Fluellen's termination, which is believed to have been decided by Ms. Meehan.

53.    Other non-African-American employees of Defendant were not also subjected to the same derogatory and demeaning acts and conduct as Plaintiffs.

54.    As a result of Defendant's unlawful acts and conduct, Plaintiffs have suffered and continue to suffer damages.

55.    All conditions precedent to the filing of this action have been satisfied or waived.

56.    This action is timely filed.

## COUNT I

### (Violation of 42 U.S.C. § 1981-Race Discrimination)

57.    Plaintiff Kelly restates and realleges each and every allegation contained in paragraphs 1 through 56 of this Complaint with the same force and vigor as if set out here in full.

58.    Defendant, by and through its agents and employees, intentionally discriminated against Plaintiff Kelly on account of his race in violation of 42 U.S.C. § 1981 by among other things, terminating his employment with

Defendant.

59.    The acts and omissions committed by Defendant, by and through its agents and employees, were willful, malicious, and in reckless disregard of Plaintiff Kelly's federally protected rights.

60.    As a direct and proximate result of the unlawful actions by Defendant, by and through its agents and employees, Plaintiff Kelly has suffered and will continue to suffer lost wages, benefits and entitlements, damage to career and reputation, personal humiliation and embarrassment, loss of dignity, emotional distress, mental anguish, pain and suffering, and loss of enjoyment of life.

61.    Plaintiff Kelly has retained the services of The Law Office of Shands M. Wulbern, P.A., and has promised to pay said law firm reasonable attorney's fees and costs for which Defendant is liable pursuant to the statutory provisions under 42 U.S.C. § 1988 (b), (c).

**WHEREFORE,** Plaintiff Joshua Kelly demands judgment against Defendant, and granting Plaintiff Kelly compensatory economic damages of lost wages, including but not limited to, lost back pay, lost benefits, and lost front pay; compensatory non-economic damages, including but not limited to, emotional distress and mental anguish, pain and suffering, damage to career and reputation, personal humiliation and embarrassment, loss of dignity, and loss of enjoyment of life; punitive damages; attorney's fees and costs pursuant to 42 U.S.C. § 1988

(b), (c); pre-judgement and post-judgement interest; and such other relief that this Court deems is just and proper under the circumstances.

## COUNT II

### (Violation of 42 U.S.C. § 1981-Race Discrimination)

62.   Plaintiff Fluellen restates and realleges each and every allegation contained in paragraphs 1 through 56 of this Complaint with the same force and vigor as if set out here in full.

63.   Defendant, by and through its agents and employees, intentionally discriminated against Plaintiff Fluellen on account of his race in violation of 42 U.S.C. § 1981 by among other things, terminating his employment with Defendant.

64.   The acts and omissions committed by Defendant, by and through its agents and employees, were willful, malicious, and in reckless disregard of Plaintiff Fluellen's federally protected rights.

65.   As a direct and proximate result of the unlawful actions by Defendant, by and through its agents and employees, Plaintiff Fluellen has suffered and will continue to suffer lost wages, benefits and entitlements, damage to career and reputation, personal humiliation and embarrassment, loss of dignity, emotional distress, mental anguish, pain and suffering, and loss of enjoyment of life.

66.   Plaintiff Fluellen has retained the services of The Law Office of

Shands M. Wulbern, P.A., and has promised to pay said law firm reasonable attorney's fees and costs for which Defendant is liable pursuant to the statutory provisions under 42 U.S.C. § 1988 (b), (c).

**WHEREFORE,** Plaintiff Sidney Fluellen demands judgment against Defendant, and granting Plaintiff Fluellen compensatory economic damages of lost wages, including but not limited to, lost back pay, lost benefits, and lost front pay; compensatory non-economic damages, including but not limited to, emotional distress and mental anguish, pain and suffering, damage to career and reputation, personal humiliation and embarrassment, loss of dignity, and loss of enjoyment of life; punitive damages; attorney's fees and costs pursuant to 42 U.S.C. § 1988 (b), (c); pre-judgement and post-judgement interest; and such other relief that this Court deems is just and proper under the circumstances.

## COUNT III

### (Violation of 42 U.S.C. § 1981-Race Discrimination-Retaliation)

67.    Plaintiff Fluellen restates and realleges each and every allegation contained in paragraphs 1 through 56 of this Complaint with the same force and vigor as if set out here in full.

68.    Defendant, by and through its agents and employees, unlawfully retaliated against Plaintiff Fluellen in violation of 42 U.S.C. § 1981 because Plaintiff Fluellen engaged in protected activity on the basis of race.

69.    Plaintiff Fluellen engaged in protected activity by lodging internal

complaints and objections with Defendant about being subjected to unlawful discrimination and harassment on account of his race.

70.    Defendant, by and through its agents and employees, took adverse employment action and unlawfully retaliated against Plaintiff Fluellen in violation of 42 U.S.C. § 1981, by among other things, terminating his employment with Defendant.

71.    Defendant's adverse employment action was causally related to Plaintiff Fluellen's protected activity.

72.    Any non-retaliatory reason proffered by Defendant for taking such adverse employment action against Plaintiff Fluellen is pretext for unlawful retaliation.

73.    As a direct and proximate result of the unlawful actions by Defendant, by and through its agents and employees, Plaintiff Fluellen has suffered and will continue to suffer lost wages, benefits and entitlements, damage to career and reputation, personal humiliation and embarrassment, loss of dignity, emotional distress, mental anguish, pain and suffering, and loss of enjoyment of life.

74.    Plaintiff Fluellen has retained the services of The Law Office of Shands M. Wulbern, P.A., and has promised to pay said law firm reasonable attorney's fees and costs for which Defendant is liable pursuant to the statutory provisions under 42 U.S.C. § 1988 (b), (c).

**WHEREFORE,** Plaintiff Sidney Fluellen demands judgment against Defendant, and granting Plaintiff Fluellen compensatory economic damages of lost wages, including but not limited to, lost back pay, lost benefits, and lost front pay; compensatory non-economic damages, including but not limited to, emotional distress and mental anguish, pain and suffering, damage to career and reputation, personal humiliation and embarrassment, loss of dignity, and loss of enjoyment of life; punitive damages; attorney's fees and costs pursuant to 42 U.S.C. § 1988 (b), (c); pre-judgement and post-judgement interest; and such other relief that this Court deems is just and proper under the circumstances.

## COUNT IV

### (Violation of the Florida Whistleblower Act (FWA), Fla. Stat. §§ 448.102, *et seq.*) (Alternative to Count I)

75.     Plaintiff Kelly restates and realleges each and every factual allegation contained in paragraphs 1 through 15, 19 through 25, 27 through 33, 35 through 38, 43 through 45, 49 through 52, and 54 through 56 of this Complaint with the same force and vigor as if set out here in full.

76.     The Florida Whistleblower Act, Fla. Stat. § 448.102(3), provides in relevant part that an employer may not take retaliatory personnel action against an employee for objecting to, or refusing to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation.

77.     Plaintiff Kelly objected to, and refused to participate in, Defendant's

violations of health and safety laws and regulations, including violations of the Occupational Safety and Health Act.

78.    Defendant's conduct constituted, or Plaintiff Kelly reasonably believed that Defendant's conduct constituted, an activity, policy or practice of Defendant which was in violation of federal laws and regulations.  These underlying violations include provisions of the Occupational Safety and Health Act, 29 CFR § 1910.178, and other rules and regulations pursuant to the Occupational Safety and Health Act and Occupational Safety and Health Administration.

79.    Plaintiff Kelly objected to, and refused to participate in, Defendant's activities, policies and practices alleged herein.

80.    Defendant took retaliatory personnel action against Plaintiff Kelly by terminating his employment, because Plaintiff Kelly objected to, and refused to participate in, Defendant's activities, policies and practices alleged herein, in violation of Fla. Stat. §448.102(3).

81.    As a direct and proximate result of the unlawful actions by Defendant, by and through its agents and employees, Plaintiff Kelly has suffered and will continue to suffer lost wages, benefits and entitlements, damage to career and reputation, personal humiliation and embarrassment, loss of dignity, emotional distress, mental anguish, pain and suffering, and loss of enjoyment of life.

82.    Plaintiff Kelly has retained the services of The Law Office of Shands M. Wulbern, P.A., and has promised to pay said law firm reasonable attorney's fees and costs for which Defendant is liable pursuant to the statutory provisions under Fla. Stat. § 448.104.

**WHEREFORE**, Plaintiff Joshua Kelly respectfully requests the Court to enter judgment against Defendant, and in favor of Plaintiff Kelly, granting compensatory economic damages of lost wages, including but not limited to, lost back pay, lost front pay, benefits and entitlements, and loss of earning capacity; compensatory non-economic damages, including but not limited to, mental anguish and emotional distress, pain and suffering, personal humiliation and embarrassment, loss of dignity, loss of enjoyment of life, damage to his career and reputation; attorneys' fees and costs under Fla. Stat. § 448.104; prejudgment and post-judgment interest; and granting such further relief as this Court deems just and proper.

## COUNT V

### (Violation of the Florida Whistleblower Act (FWA), Fla. Stat. §§ 448.102, *et seq.*)

83.    Plaintiff Fluellen restates and realleges each and every factual allegation contained in paragraphs 1 through 56 of this Complaint with the same force and vigor as if set out here in full.

84.    The Florida Whistleblower Act, Fla. Stat. § 448.102(3), provides in

relevant part that an employer may not take retaliatory personnel action against an employee for objecting to, or refusing to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation.

85.    Plaintiff Fluellen objected to, and refused to participate in, Defendant's violations of hazardous and pollutant material laws and regulations, including violations of the Florida Pollutant Discharge Prevention and Control Act.

86.    Defendant's conduct constituted, or Plaintiff Fluellen reasonably believed that Defendant's conduct constituted, an activity, policy or practice of Defendant which was in violation of state and federal laws and regulations.  These underlying violations include provisions of the Florida Pollutant Discharge Prevention and Control Act, Fla. Stat. §§ 376.011-376.21, and other rules and regulations pursuant to that Act.

87.    Plaintiff Fluellen objected to, and refused to participate in, Defendant's violations of federal and state race discrimination laws and regulations.

88.    Defendant's conduct constituted, or Plaintiff Fluellen reasonably believed that Defendant's conduct constituted, an activity, policy or practice of Defendant which was in violation of state and federal laws and regulations prohibiting racial discrimination in the workplace.

89.    Plaintiff Fluellen objected to, and refused to participate in,

Defendant's activities, policies and practices alleged herein.

90.    Defendant took retaliatory personnel action against Plaintiff' Fluellen by terminating his employment, because Plaintiff Fluellen objected to, and refused to participate in, Defendant's activities, policies and practices alleged herein, in violation of Fla. Stat. §448.102(3).

91.    As a direct and proximate result of the unlawful actions by Defendant, by and through its agents and employees, Plaintiff Fluellen has suffered and will continue to suffer lost wages, benefits and entitlements, damage to career and reputation, personal humiliation and embarrassment, loss of dignity, emotional distress, mental anguish, pain and suffering, and loss of enjoyment of life.

92.    Plaintiff Fluellen has retained the services of The Law Office of Shands M. Wulbern, P.A., and has promised to pay said law firm reasonable attorney's fees and costs for which Defendant is liable pursuant to the statutory provisions under Fla. Stat. § 448.104.

**WHEREFORE**, Plaintiff Sidney Fluellen respectfully requests the Court to enter judgment against Defendant, and in favor of Plaintiff Fluellen, granting compensatory economic damages of lost wages, including but not limited to, lost back pay, lost front pay, benefits and entitlements, and loss of earning capacity; compensatory non-economic damages, including but not limited to, mental anguish and emotional distress, pain and suffering, personal humiliation and

embarrassment, loss of dignity, loss of enjoyment of life, damage to his career and reputation; attorneys' fees and costs under Fla. Stat. § 448.104; prejudgment and post-judgment interest; and granting such further relief as this Court deems just and proper.

## COUNT VI

### (Malicious Prosecution)

93.     Plaintiff Kelly restates and realleges each and every factual allegation contained in paragraphs 1 through 15, 27 through 33, 35, and 54 through 56 of this Complaint with the same force and vigor as if set out here in full.

94.     Defendant, by and through its agent and employees, caused the commencement of a criminal charge of trespass against Plaintiff Kelly, pursuant to Fla. Stat. § 810.09(2)(b).

95.     Defendant, by and through its agents and employees, committed such acts within the course and scope of their employment with Defendant.

96.     A criminal judicial proceeding commenced against Plaintiff Kelly in the Seventh Judicial Circuit, St. Johns County, Florida under Case No. 23001604MMMA.

97.     The criminal judicial proceeding terminated as a result of a nolle prosequi entered by the State Attorney's Office for the Seventh Judicial Circuit of Florida.

98.     An absence of probable cause existed for prosecution of such a

proceeding against Plaintiff Kelly.

99.    Defendant, by and through its agents and employees, acted willfully, maliciously, and in reckless disregard of Plaintiff Kelly's rights.

100.    Defendant is vicariously liable for the acts committed by its agents and employees.

101.    As a direct and proximate result of the unlawful actions by Defendant, by and through its agents and employees, Plaintiff Kelly has suffered and will continue to suffer damages in the form of lost back pay, lost front pay, and other economic losses, personal humiliation and embarrassment, loss of dignity, emotional distress, mental anguish, pain and suffering, and loss of enjoyment of life.

**WHEREFORE**, Plaintiff Joshua Kelly respectfully requests the Court to enter judgment against Defendant, and in favor of Plaintiff Kelly, granting compensatory economic damages of lost wages, including but not limited to, lost back pay, lost front pay, benefits and entitlements, and loss of earning capacity; compensatory non-economic damages, including but not limited to, mental anguish and emotional distress, pain and suffering, personal humiliation and embarrassment, loss of dignity, loss of enjoyment of life, damage to his career and reputation; punitive damages; prejudgment and post-judgment interest; and granting such further relief as this Court deems just and proper.

## COUNT VII

### (Negligent Reporting)
### (Alternative to Count VI)

102.   Plaintiff Kelly restates and realleges each and every factual allegation contained in paragraphs 1 through 15, 27 through 33, 35, and 54 through 56  of this Complaint with the same force and vigor as if set out here in full.

103.   Defendant, by and through its agents, negligently reported false information that Plaintiff Kelly committed a criminal act to a law enforcement officer when in fact Plaintiff Kelly did not commit such criminal act.

104.   Defendant had a duty to not make an incorrect or false report of criminal conduct on the part of its employee, Plaintiff Kelly, to a law enforcement officer.

105.   Defendant by and through its agents and employees, breached its duty by making a knowingly false report of criminal conduct on the part of Plaintiff Kelly to a law enforcement officer, or in the exercise of reasonable diligence should have known the report of criminal conduct on the part of Plaintiff Kelly to a law enforcement officer was false.

106.   The acts and omissions committed by Defendant, by and through its agents and employees, were so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of Plaintiff Kelly.

107.   Defendant is vicariously liable for the acts committed by its agents

and employees.

108.    As a direct and proximate result of the unlawful actions by Defendant, by and through its agents and employees, Plaintiff Kelly has suffered and will continue to suffer damages in the form of lost back pay, lost front pay, and other economic losses, personal humiliation and embarrassment, loss of dignity, emotional distress, mental anguish, pain and suffering, and loss of enjoyment of life.

**WHEREFORE**, Plaintiff Joshua Kelly respectfully requests the Court to enter judgment against Defendant, and in favor of Plaintiff Kelly, granting compensatory economic damages of lost wages, including but not limited to, lost back pay, lost front pay, benefits and entitlements, and loss of earning capacity; compensatory non-economic damages, including but not limited to, mental anguish and emotional distress, pain and suffering, personal humiliation and embarrassment, loss of dignity, loss of enjoyment of life, damage to his career and reputation; punitive damages; prejudgment and post-judgment interest; and granting such further relief as this Court deems just and proper.

## COUNT VIII

### (False Imprisonment)

109.    Plaintiff Kelly restates and realleges each and every factual allegation contained in paragraphs 1 through 15, 27 through 33, 35, and 54 through 56 of this Complaint with the same force and vigor as if set out here in full.

110.    Defendant, by and through its agents and employees, unlawfully detained and deprived Plaintiff Kelly of liberty against his will by instigating the arrest and imprisonment of Plaintiff Kelly.

111.    Defendant's actions of instigating Plaintiff Kelly's detention and deprivation of liberty were unreasonable and unwarranted under the circumstances.

112.    Defendant's agents and employees committed such acts within the course and scope of their employment with Defendant.

113.    Defendant is vicariously liable for the acts committed by its agents and employees.

114.    Defendant, by and through its agents and employees, acted willfully, maliciously, and in reckless disregard of Plaintiff Kelly's  rights.

115.    As a direct and proximate result of the unlawful actions by Defendant, by and through its agents and employees, Plaintiff Kelly has suffered and will continue to suffer damages in the form of lost back pay, lost front pay, and other economic losses, personal humiliation and embarrassment, loss of dignity, emotional distress, mental anguish, pain and suffering, and loss of enjoyment of life.

**WHEREFORE**, Plaintiff Joshua Kelly respectfully requests the Court to enter judgment against Defendant, and in favor of Plaintiff Kelly, granting compensatory economic damages of lost wages, including but not limited to, lost

back pay, lost front pay, benefits and entitlements, and loss of earning capacity;
compensatory non-economic damages, including but not limited to, mental
anguish and emotional distress, pain and suffering, personal humiliation and
embarrassment, loss of dignity, loss of enjoyment of life, damage to his career and
reputation; punitive damages; prejudgment and post-judgment interest; and
granting such further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff Joshua Kelly and Plaintiff Sidney Fluellen hereby demand a jury
trial on all claims set forth in the Complaint.

Dated this 9th day of January, 2024.

Respectfully submitted,

The Law Office of Shands M. Wulbern, P.A.

By:*/s/ Shands M. Wulbern*
Shands M. Wulbern
Florida Bar No. 0155217
3000 Hartley Road, Suite 10
Jacksonville, Florida 32257
(904) 570-9233
swulbern@wulbernlaw.com

*Trial Counsel for Plaintiff*